**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PRESTON L. HEAGGANS,** ) | **CASE NO. 1:11CV0703** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A GAUGHAN** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO, et al.,** ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

**Introduction**

This matter is before the Court upon plaintiff's *pro se* Complaint (Doc. 1). For the following reasons, the Complaint is DISMISSED pursuant to *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**Facts**

Plaintiff, Preston L. Heaggans, proceeding *pro se*, states that he is the "Trustee/Public Minister" suing on behalf of "the Beneficiary ENS LEGIS Preston L. Heaggans, Jr." Plaintiff filed this action against defendants State of Ohio; City of Cleveland; Cleveland Municipal Court Judges Anita L Mays, Joseph J. Zone, and Kathleen Keough; and three John Doe Cleveland Police officers.

The Complaint alleges a violation of plaintiff's federal constitutional rights and asserts the following. On September 22, 2010, plaintiff was pulled over by two police officers without probable cause. Plaintiff informed the officers that he was a public minister and a "private individual express trust administrator," and "immediately provided the officers with identification and proof of claim pursuant to his private Bill of Conveyance documents." Plaintiff informed the officers "to read the Bill of Conveyance posted in the rear of the back window" of his automobile. Despite this

information, plaintiff was arrested by the officers and taken to the city jail where he was held for three days before being released. The officers thereafter failed to appear at plaintiff's scheduled criminal trials. The Cleveland Municipal Court Judges all acted without subject matter jurisdiction with regard to plaintiff's case. The Complaint asserts violations of plaintiff's Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.

### Discussion

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). For the reasons stated below, this action is dismissed.

The Cleveland Municipal Court Docket shows that plaintiff was ticketed on September 22, 2010 for various traffic violations. *City of Cleveland v. Heaggans Jr.* Case No. 2010 TRD 060391. The case was dismissed for want of prosecution on January 24, 2011. Plaintiff's allegations against the police officers for violations of numerous constitutional rights are implausible or devoid of merit. Plaintiff alleges that the officers stopped him and arrested him despite the fact that he informed them of his status as a public minister and trustee, provided them with "proof of claim pursuant to his private Bill of Conveyance documents," and informed them to read the Bill of Conveyance posted in his rear window. Plaintiff's status and these documents do not place plaintiff outside the law, and

there is no basis to conclude that the officers acted without probable cause by ignoring them. Nor could the City of Cleveland be liable for a custom or policy in relation to the officers' actions.

Furthermore, the municipal court judges are immune from liability. It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged that might establish that the judges acted outside the scope of their official duties in presiding over plaintiff's court case.

Finally, the State of Ohio has no connection with pending court cases and as no other facts are alleged pertaining to it, the State is an improper party.

**Conclusion**

Accordingly, this action is DISMISSED.

IT IS SO ORDERED**.**

Date:  4/25/11                               /s/ Patricia A. Gaughan
                                                    PATRICIA A.GAUGHAN
                                                    UNITED STATES DISTRICT JUDGE